IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EXPRESS MOBILE, INC.,

                Plaintiff;

v.                                   Civil Action No. 20-1163-RGA

SQUARESPACE, INC.,

                Defendant.

## MEMORANDUM OPINION

Timothy Devlin, DEVLIN LAW FIRM LLC, Wilmington, DE; Steven J. Rizzi, Ramy Hanna, MCKOOL SMITH, New York, NY,

Attorneys for Plaintiff.

Daniel M. Silver, Alexandra M. Joyce, MCCARTER & ENGLISH, LLP, Wilmington, DE; Adam R. Brausa, Timothy C. Saulsbury, Vera Ranieri, Raghav R. Krishnapriyan, Eric C. Wiener, DURIE TANGRI LLP, San Francisco, CA,

Attorneys for Defendant.

August 25, 2021

*[signature: Richard G. Andrews]*
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is Defendant's Motion to Dismiss. (D.I. 9). I have considered the parties' briefing. (D.I. 10, 13, 16).

## I. BACKGROUND

Plaintiff Express Mobile filed suit against Defendant Squarespace on September 1, 2020. (D.I. 1). It alleges that Defendant infringes U.S. Patent Nos. 6,546,397 ("the '397 Patent"), 7,594,168 ("the '168 Patent"), 9,063,755 ("the '755 Patent"), 9,471,287 ("the '287 Patent"), and 9,928,044 ("the '044 Patent") through its use of certain website building tools. The Asserted Patents solve technical problems "related to the creation and generation of websites" and "associated with methods and systems for displaying dynamic content on displays of devices." (*Id.* at 2, 9).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure mandate that a complainant provide "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2007).

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See id.* at 555–56. "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"

2

*Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 555–56. *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

To satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The Complaint need only give the defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.*

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's allegations of direct infringement, divided infringement, induced infringement, and contributory infringement. I will address each argument in turn.

3

### a. Direct Infringement

Defendant argues that certain of Plaintiff's direct infringement allegations are not plausible: (1) the "runtime file" and "runtime engine" of the '397 and '168 Patents; (2) the "virtual machine" or "virtual machine commands" limitations of the '397 Patent; (3) the "defined entirely" limitation of the '168 Patent; (4) the "object number" limitation of the '168 Patent; (5) the "produc[es] a player" and player is "provided to the device" limitations of the '755, '287, and '044 Patents; (6) the "preferred UI object" limitations of the '287 and '044 Patents; and (6) the "building an application. . . utilizing the player" limitation of the '044 Patent. (D.I. 10 at 6-14). Defendant contends that the Complaint does not contain sufficient factual allegations to plausibly allege that the Accused Instrumentalities [principally, the Squarespace website builder platform, D.I. 1 at 13] meet the limitations of the claims. (*See, e.g.*, D.I. 10 at 9-11, 12-14). For some claims, Defendant asserts that Plaintiff has not alleged that claim limitations are met under certain claim constructions. (*Id.* at 9, 12).

Plaintiff counters that its Complaint meets the plausibility pleading standard. (D.I. 13 at 8-9). Plaintiff argues that Defendant is "prematurely seeking detailed infringement contentions that are simply not required to satisfy the pleading standard" and that the level of detail that Defendant "demands" concerning certain claim limitation allegations is not required at this stage. (*Id.* at 9).

I agree with Plaintiff. The Complaint identifies the patents at issue, details how the Accused Instrumentalities build a user's website, and explains how the actions infringe on each Asserted Patent. (*See* D.I. 1 at 13-24). The Complaint need not allege "specific facts" to meet the plausibility pleading standard, but must put the alleged infringer on fair notice of the claim of infringement and the grounds upon which it rests. *See Disc Disease Solutions*, 888 F.3d at 1260.

Here, there are sufficient factual allegations of infringement to meet that standard and put Defendant on notice of the grounds of its alleged infringement.

Contrary to Defendant's arguments, Plaintiff need not explain how each element of an Asserted Claim is met by the Accused Instrumentalities. "[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012)). The "purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Id.* (citation omitted). Plaintiff has plausibly alleged direct infringement. The merits of Defendant's arguments regarding claim construction and specific details of how the Accused Instrumentalities map to each claim element will be properly tested at future stages of this litigation. For these reasons, Defendant's motion to dismiss Plaintiff's direct infringement allegations is denied.

### b. Divided Infringement

Defendant argues that there are no supporting factual allegations to support an infringement theory based on divided infringement, should Plaintiff be raising this theory. (D.I. 10 at 14-15). Defendant contends that Plaintiff bases its infringement allegations on actions taken by Defendant and other third parties (users browsing Defendant-hosted websites). (*Id.* at 14). Defendant maintains that in addition to failing to plausibly allege direct infringement, Plaintiff has also failed to plausibly allege a divided infringement theory, as the Complaint did not address any "direction or control" or "joint enterprise" between Defendant and the third parties. (*Id.* at 15).

5

Plaintiff counters that the issue of divided infringement is premature. (D.I. 13 at 11). Plaintiff contends that issues of divided infringement should be determined later in the litigation, as claim construction will better illuminate the appropriate theory of infringement. (*Id.* at 12). Further, Plaintiff asserts that even if divided infringement were required to be pleaded at this stage, it has provided sufficient allegations to support that theory as the Complaint "details how each step of the asserted method claims [is] performed using the Squarespace server" and that the user's participation is conditioned on performing the claimed steps. (*Id.* at 13-14).

For divided infringement, the pleading stage requires that the "allegations adequately plead attribution of the . . . activities to Defendant[]." *Nalco*, 883 F.3d at 1353. Here, Plaintiff has done so. Plaintiff has plausibly alleged that Defendant directly infringed the Asserted Patents. (*See* D.I. 1 at 13-24). Further, in each count, the Complaint sets forth factual allegations that show how a user must perform the claimed steps in order to obtain the benefit of building a website, by describing the steps a user must take using Defendant's server. (*Id.* at 13-24, 33-45, 59-73). These allegations make plausible Plaintiff's claim that the infringing activities were taken by Defendant or by third parties at Defendant's direction or control. Defendant's motion to dismiss Plaintiff's divided infringement theory is denied.

### c. Induced Infringement

Defendant asserts that Plaintiff's induced infringement allegations fail as there are insufficient factual allegations that Defendant acted with the requisite specific intent. (D.I. 10 at 15-18). Defendant asserts that Plaintiff's "boilerplate paragraphs" of "induced infringement allegations are premised simply on pre-suit knowledge of the patent and Squarespace's marketing of products," but that "is not sufficient to demonstrate that Squarespace specifically

6

intended its customers to infringe the patents or knew that the third-party conduct constitutes infringement." (*Id.*).

Plaintiff counters that the Complaint sufficiently alleges both knowledge of the patent and the requisite specific intent for induced infringement. (D.I. 13 at 14). Plaintiff points to the portions of the Complaint that allege that Defendant had notice of each asserted patent and its infringement thereof prior to filing the complaint. (*Id.*).

"[F]or an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotes and citation omitted). Plaintiff's allegations of induced infringement survive for all Asserted Patents except the '755 Patent.

Plaintiff has plausibly alleged that that Defendant specifically intended another party to infringe. For each patent, the Complaint alleges that Defendant "actively encourages the adoption of the Accused Instrumentalities and provides support sites for the vast network of developers working with the Accused Instrumentalities, emphasizing the customizable and user-friendly nature of the Accused Instrumentalities." (D.I. 1 at 23). The Complaint also identifies language from Defendant's website that promotes and advertises use of the Accused Instrumentalities by third parties. (*Id.*). These allegations show that it is plausible that Defendant "specifically intended another party to infringe" as Defendant was actively encouraging third parties to use its products.

The Complaint also contains sufficient factual allegations that Defendant knew the other party's acts constituted infringement. It alleges Defendant had knowledge of the '397 Patent, the

7

'168 Patent, the '287 Patent, and the '044 Patent, at least as of April 9, 2019 when Plaintiff provided notice of the patents and Defendant's alleged infringement. (D.I. 1 at 22, 31, 57, 71). As Defendant was on notice of its alleged infringement of the identified patents, it is plausible that Defendant knew that the third parties' acts constituted infringement.

For the '755 Patent, however, Plaintiff has not plausibly alleged that Defendant knew that the third parties' acts were infringing. The Complaint states that Defendant had knowledge of this patent as of April 9, 2019, when "Plaintiff provided notice of the '287 and '044 patents, and Defendant's infringement thereof, both of which identify on their face the '755 patent and its issuance from a parent patent application of the '287 and '044 patents, and no later than August 31, 2020, when Plaintiff provided notice of the '755 patent, and Defendant's infringement thereof." (D.I. 1 at 44). Plaintiff did not directly notify Defendant that it was allegedly infringing the '755 Patent until August 31, 2020, the day before the Complaint was filed. (*See* D.I. 1 at 44, 74). These facts do not plausibly support an allegation that Defendant knew that the third parties' acts were infringing the '755 Patent, as Defendant was not notified of its infringement until a day before this suit was filed. Therefore, I will grant Defendant's motion to dismiss Plaintiff's claim of induced infringement as to the '755 Patent and deny it as to the other Asserted Patents.

### d. Contributory Infringement

Defendant moves to dismiss Plaintiff's contributory infringement allegations, arguing that such allegations are not supported by sufficient facts regarding lack of substantial non-infringing uses for the Accused Platform and Defendant's knowledge of the Accused Platform's use in an infringing manner. (*Id.* at 19-20). Plaintiff counters that its factual allegations describe the nature of the Accused Instrumentalities and that such facts "give rise to a reasonable

8

inference that Squarespace's Accused Products are 'especially made or especially adapted' for infringement and have 'no substantial non-infringing use.'" (D.I. 13 at 16).

In order to establish contributory infringement, the patent owner must demonstrate sale of a "a component or material for use in a patented process constituting a material part of the invention; knowledge by the defendant that the component is especially made or especially adapted for use in an infringement of such patent; and the component is not a staple or article suitable for non-infringing use." *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 470 (D. Del. 2016) (numbering omitted). "The Federal Circuit has ruled that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation." *Merck Sharp & Dohme Corp. v. Teva Pharma USA, Inc.*, 2015 WL 4036951, at *7 (July 1, 2015) (citing *In re Bill of Lading*, 681 F.3d at 1339).

For all patents except the '755 Patent, Plaintiff has pleaded facts that allow for the reasonable inference that Defendant had knowledge of the infringing use and that the Accused Instrumentalities have no substantial non-infringing use. Based on Plaintiff's allegations of notice to Defendant, Defendant knew of its alleged infringing use as of April 9, 2019 for the '397, '168, '287, and '044 Patents. There are no facts to plausibly support Defendant's knowledge of the '755 Patent prior to Plaintiff's notice on August 31, 2020.

Regarding no substantial non-infringing use, the Complaint states "the infringing aspects of [Defendant's] infringing products and services, including but not limited to the Accused Instrumentalities, are made for use in an infringement, and are not staple articles of commerce suitable for substantial non-infringing use." (D.I. 1 at 32). This "affirmative pleading [of] the absence of substantial non-infringing uses renders the claim plausible." *Merck Sharp & Dohme*, 2015 WL 4036951, at *7; *see also Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470,

9

476, 476 n.8 (D. Del. 2012) (finding the complaint met the plausibility pleading standard where the plaintiff stated that there was no substantial non-infringing use). For these reasons, Defendant's motion to dismiss Plaintiff's contributory infringement allegations is denied as to the '397, '168, '287, and '044 Patents, and granted as to the '755 Patent.

### e. Willful Infringement of the '755 Patent

Defendant argues that the Complaint does not plausibly allege willful infringement of the '755 Patent, as it did not allege sufficient facts that Defendant had pre-suit notice of the '755 Patent. (D.I. 10 at 20). Plaintiff counters that its willful infringement claim is plausible as it has sufficiently alleged Defendant's knowledge. (D.I. 13 at 17).

I agree with Defendant. "[T]o state a claim of willful infringement, the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." *Valinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411281, at *10-12 (D. Del. May 29, 2018) (discussing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1282 (Fed. Cir. 2017), *cert. dismissed*, 139 S. Ct. 44 (2018). Here, Plaintiff notified Defendant of its alleged infringement of the '755 Patent on August 31, 2020. (D.I. 1 at 44). Plaintiff filed suit the following day. (*Id.* at 74). These facts do not plausibly support an allegation that Defendant willfully infringed between the time it was notified of the alleged infringement of the '755 Patent and the filing of the suit the subsequent day. I grant Defendant's motion to dismiss Plaintiff's claim of willful infringement of the '755 Patent.

## IV. CONCLUSION

Defendant's motion to dismiss (D.I. 9) is granted as to Plaintiff's induced infringement, contributory infringement, and willful infringement claims for the '755 Patent. Plaintiff's claims are dismissed without prejudice. Defendant's motion is denied on all other grounds.

A separate order will be entered.