**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EXPRESS MOBILE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 20-1163-RGA |
| v. | ) | |
| | ) | |
| SQUARESPACE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

This 25 day of Oct., 2021, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,or binding arbitration; IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)on or before **November 12, 2021**.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **May 9, 2022**.

3. Discovery.

a. Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **November 18, 2022**.

**b.** Document Production. Document production shall be substantially complete by **August 31, 2022**.

c. Requests for Admission. A maximum of **50** requests for admission are permitted for each side. Notwithstanding the foregoing, there is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents, subject tothe right to object based on undue burden.

d. Interrogatories. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

e. Depositions.

i Limitation on Hours for Deposition Discovery. Each party is limited to a total of **70** hours of taking testimony of fact witnesses by deposition upon oral examination of each other party.

ii Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily berequired, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Plaintiff's submission of this joint proposed Scheduling Order is without prejudice to Plaintiff's position that any deposition of Steve Rempell should take place in his county of residence in California. Plaintiff reserves the right to raise this issue through motion practice, if the parties are unable to reach an agreement on this issue during discovery.

f. Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered,by no later than 6:00 p.m. of the next business day after the scheduling call, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By

no later than 6:00 p.m. three business days after the scheduling call, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

g. Miscellaneous Discovery Matters.

i The parties may, if they choose, agree to a timetable for initial patent disclosures either as set forth in the Delaware Default Standard for Discovery or as agreed to by the parties, and the parties should set forth any such agreement in the scheduling order.

1. E-Discovery Default Standard. The parties will adhere to the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (hereinafter "Default Standard," document available at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and incorporated herein by reference).

2. ESI Default Standard Paragraph 3 Disclosures. On or before **December 3, 2021**, the parties shall make their disclosures pursuant to paragraph 3 of the Default Standard.

3. Initial Discovery in Patent Litigation. According to paragraphs 4(a)-4(d) of the Default Standard and absent agreement among the parties:

a. On or before **November 26, 2021**, Plaintiff shall identify the accused infringing products and produce to Defendants the file history for each asserted patent it alleges is being infringed;

b. On or before **January 21, 2022**, Defendants shall produce to Plaintiff the core technical documents related to their accused products, including butnot limited to non-publicly available operation manuals, product literature, schematics, and specifications.

c. On or before **February 25, 2022**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

d. On or before **April 1, 2022**, Defendants shall produce their invalidity contentions for each asserted claim, as well as the known related invalidating references. (e.g., publications, manuals and patents).

e. The parties may supplement these disclosures through the end of fact discovery identified above.

ii The parties should set forth a statement identifying any other pending or complete litigation including IPRs involving one or more of the asserted patents. Plaintiff[1] should advise whether it expects to institute any further litigation in this or other Districts within the next year.

[1] Plaintiff and Defendant refer to the party or parties asserting infringement and the party or parties accused of infringement. The parties should modify the language as necessary, for example, in a declaratory judgment action.

1. Pending and Completed Litigation (including IPRs):

- *Express Mobile, Inc. v. Mobikasa, LLC*, Case No. 1:17-cv-00705 (D. Del. June 9, 2017) Closed
- *Express Mobile, Inc. v. Salzer Technologies, Inc.*, Case No. 1:17-cv-00706 (D. Del. June9, 2017) Closed
- *Express Mobile, Inc. v. Webflow, Inc*., Case No. 1:17-cv-00708 (D. Del. June 9, 2017)Closed
- *Express Mobile, Inc. v. AppGyver Inc.*, Case No. 1:17-cv-00710 (D. Del. June 9, 2017)Closed
- *Express Mobile, Inc. v. Icreon Tech, Inc.*, Case No. 1:17-cv-00704 (D. Del. June 9, 2017) Closed
- *Express Mobile, Inc. v. Brainvire Infotech, Inc.*, Case No. 1:17-cv-00702 (D. Del. June 9, 2017) Closed
- *Express Mobile, Inc. v. Icreon Tech, Inc.*, Case No. 1:17-cv-00704 (D. Del. June 9, 2017) Close
- *Express Mobile, Inc. v. Brainvire Infotech, Inc.*, Case No. 1:17-cv-00702 (D. Del. June 9, 2017) Closed
- *Express Mobile, Inc. v. Rockfish Interactive LLC*, Case No. 1:18-cv-00105 (D. Del. Jan.17, 2018) Closed
- *Express Mobile, Inc. v. SG Hosting Inc.*, Case No. 1:18-cv-00104 (D. Del. Jan. 1, 2018)Closed
- *Express Mobile, Inc. v. Manifest LLC*, Case No. 1:18-cv-00103 (D. Del. Jan. 17, 2018)Closed
- *Express Mobile, Inc. v. Domani Studios LLC*, Case No. 1:18-cv-00102 (D. Del. Jan. 17,2018) Closed
- *Express Mobile, Inc. v. WPEngine, Inc.*, Case No. 1:18-cv-00106 (D. Del. Jan. 17, 2018) Closed
- *Express Mobile, Inc. v. FiloBlu USA Corp.*, Case No. 1:18-cv-00155 (D. Del. Jan. 26, 2018) Closed
- *Express Mobile, Inc. v. Fulcrum Worldwide Inc.*, Case No. 1:18-cv-00154 (D. Del. Jan.26, 2018) Closed
- *Express Mobile, Inc. v. Axelerant Technologies, Inc.*, Case No. 1:18-cv-00156 (D. Del.Jan. 26, 2018) Closed
- *Express Mobile, Inc. v. Big Spaceship LLC*, Case No. 1:18-cv-01167 (D. Del. Aug. 3,2018) Closed
- *Express Mobile, Inc. v. Born Group Inc.*, Case No. 1:18-cv-01169 (D. Del. Aug. 3, 2018) Closed
- *Express Mobile, Inc. v. Alloy Marketing and Promotions, LLC*, Case No. 1:18-cv-01166(D. Del. Aug. 3, 2018) Closed
- *Express Mobile, Inc. v. Blue State Digital Inc.*, Case No. 1:18-cv-01168 (D. Del. Aug. 3,2018) Closed
- *Express Mobile, Inc. v. iCrossing, Inc.*, Case No. 1:18-cv-01176 (D. Del. Aug. 4, 2018)Open
- *Express Mobile, Inc. v. Publicis Hawkeye, Inc.*, Case No. 1:18-cv-01182 (D. Del. Aug. 4, 2018) Closed
- *Express Mobile, Inc. v. Martin Retail Group, LLC*, Case No. 1:18-cv-01178 (D. Del. Aug. 4, 2018) Closed
- *Express Mobile, Inc. v. Mondo International, LLC*, Case No. 1:18-cv-01179 (D. Del. Aug. 4, 2018) Closed
- *Express Mobile, Inc. v. Liquid Web, LLC*, Case No. 1:18-cv-01177 (D. Del. Aug. 4, 2018) Closed
- *Express Mobile, Inc. v. Rackspace Hosting, Inc.*, Case No. 1:18-cv-01183 (Del. Aug. 4,2018) Closed

- *Express Mobile, Inc. v. Hostway Services, Inc.*, Case No. 1:18-cv-01175 (D. Del. Aug. 4,2018) Closed
- *Express Mobile, Inc. v. McCann Relationship Marketing, LLC*, Case No. 1:18-cv-01180 (D. Del. Aug. 4, 2018)
- Closed
- *Express Mobile, Inc. v. Namecheap Inc.*, Case No. 1:18-cv-01181 (D. Del. Aug. 4, 2018) Closed
- *Express Mobile, Inc. v. Liquid Web, LLC*, Case No. 1:18-cv-01177 (D. Del. Aug. 4, 2018) Closed
- *Express Mobile, Inc. v. iCrossing, Inc.*, Case No. 1:18-cv-01176 (D. Del. Aug. 4, 2018)Open
- *Shopify Inc. et al v. Express Mobile, Inc.*, Case No. 1:19-cv-00439 (D. Del. Mar. 1, 2019) Open
- *Express Mobile, Inc. v. GoDaddy.com, LLC*, Case No. 1:19-cv-01937 (D. Del. Oct. 11,2019) Open
- *Express Mobile, Inc. v. Web.com Group, Inc.*, Case No. 1:19-cv-01936 (D. Del. Oct. 11,2019) Open
- *Express Mobile, Inc. v. Alpine Consulting, Inc.*, Case No. 1:17-cv-3815 (N.D. Ill. May22, 2017) Closed
- *Express Mobile, Inc. v. Alibaba.com, Inc. et al.*, Case No. 2:15-cv-00461 (E.D. Tex. Apr.6, 2015) Closed
- *Express Mobile, Inc. v. BigCommerce, Inc.*, Case No. 2:16-cv-00384 (E.D. Tex. Apr. 8,2016) Closed
- *Express Mobile, Inc. v. WEBS, INC.*, Case No. 1:16-cv-00160 (E.D. Tex. May 23, 2016) Closed
- *Express Mobile, Inc. v. WEBS, INC.*, Case No. 2:16-cv-00558 (E.D. Tex. May 25, 2016) Closed
- *Express Mobile, Inc. v. Jiva Infotech, Inc.* d/b/a I95DEV, Case No. 2:16-cv-00775 (E.D.Tex. July 15, 2016) Closed
- *Express Mobile, Inc. v. Amplifi Commerce, LLC*, Case No. 2:16-cv-00811 (E.D. Tex. July20, 2016) Closed
- *Express Mobile, Inc. v. Weebly, Inc.*, Case No. 2:16-cv-00906 (E.D. Tex. Aug. 15, 2016) Closed
- *Express Mobile, Inc. v. Digital Evolution Group, LLC*, Case No. 2:16-cv-00922 (E.D.Tex. Aug. 19, 2016) Closed
- *Express Mobile, Inc. v. OSF Global Services Inc.*, Case No. 2:16-cv-00924 (E.D. Tex.Aug. 19, 2016) Closed
- *Express Mobile, Inc. v. Astound Commerce Corporation*, Case No. 2:16-cv-00923 (E.D.Tex. Aug. 19, 2016) Closed
- *Express Mobile, Inc. v. Blue Acorn, Inc.*, Case No. 2:16-cv-01411 (E.D. Tex. Dec. 15,2016) Closed
- *Express Mobile, Inc. v. Lyons Holding Co. Inc. et al.*, Case No. 2:16-cv-01414 (E.D. Tex.Dec. 15, 2016) Closed
- *Express Mobile, Inc. v. Coalition Technologies LLC*, Case No. 2:16-cv-01413 (E.D. Tex.Dec. 15, 2016) Closed
- *Express Mobile, Inc. v. Guidance Solutions, Inc.*, Case No. 2:16-cv-01412 (E.D. Tex.Dec. 15, 2016) Closed
- *Express Mobile, Inc. v. Volusion, LLC et al.*, Case No. 2:17-cv-00064 (E.D. Tex. Jan. 19, 2017) Closed
- *Express Mobile, Inc. v. WaveMaker, Inc. et al.*, Case No. 2:17-cv-00065 (E.D. Tex. Jan.19,

2017) Closed

- *Express Mobile, Inc. v. KTree Computer Solutions Inc.*, Case No. 2:17-cv-00128 (E.D.Tex. Feb. 14, 2017) Closed
- *Express Mobile, Inc. v. Optaros, Inc.*, Case No. 2:17-cv-00129 (E.D. Tex. Feb. 14, 2017) Closed
- *Express Mobile, Inc. v. Forix LLC*, Case No. 2:17-cv-00127 (E.D. Tex. Feb. 14, 2017)Closed
- *Express Mobile, Inc. v. Svanaco, Inc.*, Case No. 2:17-cv-00130 (E.D. Tex. Feb. 14, 2017) Closed
- Express Mobile, Inc. v. Alpine Consulting, Inc., 2:17-cv-00126 (E.D. Tex. Feb. 14, 2017) Closed
- *Express Mobile, Inc. v. BigCommerce, Inc.*, Case No. 2:17-cv-00160 (E.D. Tex. Feb. 27,2017) Closed
- *Express Mobile, Inc. v. Perficient, Inc.*, Case No. 8:19-cv-01175 (C.D. Cal. June 12,2019) Open
- *Express Mobile, Inc. v. Perficient, Inc.*, Case No. 2:19-cv-05105 (C.D. Cal. June 12,2019) Closed
- *Express Mobile, Inc. v. InMotion Hosting, Inc.*, Case No. 2:19-cv-05097 (C.D. Cal. June12, 2019) Open
- *Express Mobile, Inc. v. Possible Worldwide, LLC*, Case No. 2:19-cv-05110 (C.D. Cal.June 12, 2019) Closed
- *Express Mobile, Inc. v. Sigma Infosolutions Inc.*, Case No. 2:19-cv-05106 (C.D. Cal. June12, 2019) Closed
- *Express Mobile, Inc. v. Sigma Infosolutions Inc.*, Case No. 8:19-cv-01177 (C.D. Cal.June 12, 2019) Closed
- *Express Mobile, Inc. v. Evolve Media, LLC*, Case No. 2:19-cv-05093 (C.D. Cal. June 12,2019) Open
- *Express Mobile, Inc. v. Add2Net, Inc.*, Case No. 2:19-cv-05091 (C.D. Cal. June 12, 2019) Closed
- *Express Mobile, Inc. v. Netlancers Inc.*, Case No. 2:19-cv-05102 (C.D. Cal. June 12,2019) Closed
- *X.Commerce, Inc. v. Express Mobile, Inc.*, Case No. 3:17-cv-02605 (N.D. Cal. May 5,2017) Open
- *Express Mobile, Inc. v. BigCommerce, Inc.*, Case No. 3:18-cv-03287 (N.D. Cal. June 1,2018) Closed
- *Express Mobile, Inc. v. Pantheon Systems Inc.*, Case No. 3:18-cv-04688 (N.D. Cal. Aug.3, 2018) Closed
- *Express Mobile, Inc. v. Globant, S.A. et al.*, Case No. 3:18-cv-04681 (N.D. Cal. Aug. 3,2018) Closed
- *Express Mobile, Inc. v. Huge, LLC*, Case No. 3:18-cv-04687 (N.D. Cal. Aug. 3, 2018)Closed
- *Express Mobile, Inc. v. Svitla Systems Inc.*, Case No. 3:18-cv-04694 (N.D. Cal. Aug. 3,2018) Closed
- *Express Mobile, Inc. v. Happiest Minds Technologies Pvt. Ltd., Case No. 3:18-cv-04683(N.D. Cal. Aug. 3, 2018) Closed*
- *Express Mobile, Inc. v. Code and Theory LLC*, Case No. 3:18-cv-04679 (N.D. Cal. Aug.3, 2018) Closed
- *Express Mobile, Inc. v. Blackstone Technology Group Inc*., Case No. 3:18-cv-04678 (N.D. Cal. Aug. 3, 2018) Closed
- *Express Mobile, Inc. v. SoftVision Inc.*, Case No. 3:18-cv-04693 (N.D. Cal. Aug. 3, 2018) Open

- *Express Mobile, Inc. v. Gaddis Partners, Ltd.*, Case No. 3:18-cv-05058 (N.D. Cal. Aug.17, 2018) Closed
- *Express Mobile, Inc. v. The Stephenz Group Inc.*, Case No. 3:18-cv-05061 (N.D. Cal.Aug. 17, 2018) Closed
- *Express Mobile, Inc. v. Contus Interactive, Inc.*, Case No. 3:19-cv-03350 (N.D. Cal. June13, 2019) Open
- *Express Mobile, Inc. v. Rishabh Business Solutions, Inc.*, Case No. 3:19-cv-03356 (N.D.Cal. June 13, 2019) Open
- *Express Mobile, Inc. v. MH Sub I LLC*, Case No. 3:19-cv-03352 (N.D. Cal. June 13,2019) Open
- *Express Mobile, Inc. v. Rauxa Direct, LLC*, Case No. 3:19-cv-03357 (N.D. Cal. June 13,2019) Closed
- *Express Mobile, Inc. v. Phase2 Technology LLC*, Case No. 3:19-cv-03353 (N.D. Cal.June 13, 2019) Open
- *Express Mobile, Inc. v. e-Zest Solutions, Inc.*, Case No. 3:19-cv-03351 (N.D. Cal. June13, 2019) Closed
- *Express Mobile, Inc. v. Advantage AMP, Inc.*, Case No. 2:19-cv-05155 (N.D. Cal. June13, 2019) Closed
- *Express Mobile, Inc. v. R2I Holdings, LLC*, Case No. 3:19-cv-03355 (N.D. Cal. June 13,2019) Closed
- *Express Mobile, Inc. v. Wix.com, Ltd et. al*, Case No. 3:19-cv-06559 (N.D. Cal. Oct. 11,2019) Open
- *BigCommerce Incorporated v. Express Mobile, Inc*. IPR of '397, IPR2018-00750 (PTABMar. 6, 2018) No claims instituted
- *Express Mobile, Inc. v. Google LLC*, Case No. 6:20-cv-00804 (W.D. Texas Sep. 1, 2020) Open
- *Express Mobile, Inc. v. Adobe Inc. et al*., 3:20-cv-08297 (N.D. Cal. Nov. 24, 2020) Open
- *Express Mobile, Inc. v. GoDaddy.com, LLC*, 1:19-cv-01937 (D. Del. Oct. 11, 2019) Open
- *Express Mobile, Inc. v. Facebook Inc.*, 3:21-cv-06657 (N.D. Cal. Aug. 27, 2021) Open
- *Express Mobile, Inc. v. Slack Technologies, Inc.*, 3:21-cv-02001 (N.D. Cal. March 23, 2021) Open
- *Express Mobile, Inc. v. Dropbox, Inc.*, 3:21-cv-01145 (N.D. Cal. Feb. 16, 2021) Open
- *Express Mobile, Inc. v. SAP SE et al*., 3:20-cv-8492 (N.D. Cal. Dec. 1, 2020) Open
- *Express Mobile, Inc. v. Booking.com B.V*., 3:20-cv-8491 (N.D. Cal. Dec. 1, 2020) Open
- *Express Mobile, Inc. v. Salesforce.com, Inc*., 3:20-cv-8461 (N.D. Cal. Dec. 1, 2020) Open
- *Express Mobile, Inc. v. Amazon.com, Inc*., 3:20-cv-08339 (N.D. Cal. Nov. 25, 2020) Open
- *Express Mobile, Inc. v. Pinterest, Inc*., 3:20-cv-08335 (N.D. Cal. Nov. 25, 2020) Open
- *Express Mobile, Inc. v. Oath Holdings, Inc*., 3:20-cv-08321 (N.D. Cal. Nov. 25, 2020) Open
- *Express Mobile, Inc. v. Microsoft Corporation*, 3:20-cv-06152 (N.D. Cal. Sep. 1, 2020) Open
- *Express Mobile, Inc. v. Atlassian Corp. plc et al*., 6:20-cv-00805 (W.D. Tex. Sep. 1, 2020) Open
- *Express Mobile, Inc. v. eBay Inc*., 3:21-cv-06656 (N.D. Cal. Aug. 30, 2021) Open
- *Express Mobile, Inc. v. Facebook Inc*., 6:20-cv-00803 (W.D. Tex. Sep. 1, 2020) Closed
- *Express Mobile, Inc. v. eBay Inc*., 6:20-cv-00802 (W.D. Tex. Sep. 1, 2020) Closed
- *Express Mobile, Inc. v. Web.com*, 3:20-cv-00839 (M.D. Fla. July 28, 2020) Closed
- *Express Mobile, Inc. v. Expedia, Inc*., *et al*., 6:20-cv-00801 (W.D. Tex. Sep. 1, 2020) Open
- *Express Mobile, Inc. v. Dropbox, Inc*., 6:20-cv-00806 (W.D. Tex. Sep. 1, 2020) Closed
- *Express Mobile, Inc. v. eGrove Systems Corp*., 1:17-cv-00703 (D. Del. June 9, 2017) Closed

- *Google LLC v. Express Mobile, Inc*. IPR of '397, IPR2021-00700 (PTAB Mar. 31, 2021) Institution Denied, Oct. 4, 2021
- *Google LLC v. Express Mobile, Inc*. IPR of '755, IPR2021-00709 (PTAB Mar. 31, 2021) Institution Denied, Oct. 4, 2021
- *Google LLC v. Express Mobile, Inc*. IPR of '287, IPR2021-00710 (PTAB Mar. 31, 2021) Institution Denied, Oct. 4, 2021
- *Google LLC v. Express Mobile, Inc*. IPR of '044, IPR2021-00711 (PTAB Mar. 31, 2021) Institution Denied, Oct. 4, 2021
- *SAP America, Inc. v. Express Mobile, Inc*. IPR of '755, IPR2021-01144 (PTAB July 2, 2021) Pending
- *SAP America, Inc. v. Express Mobile, Inc*. IPR of '287, IPR2021-01145 (PTAB July 2, 2021) Pending
- *SAP America, Inc. v. Express Mobile, Inc*. IPR of '044, IPR2021-01146 (PTAB July 2, 2021) Pending
- *Facebook, Inc. v. Express Mobile, Inc*. IPR of '397, IPR2021-01224 (PTAB July 6, 2021) Pending
- *Facebook, Inc. v. Express Mobile, Inc*. IPR of '168, IPR2021-01226 (PTAB July 6, 2021) Pending
- *Facebook, Inc. v. Express Mobile, Inc.* IPR of '755, IPR2021-01228 (PTAB Sep 1, 2021) Pending
- *Facebook, Inc. v. Express Mobile, Inc*. IPR of '287, IPR2021-01227 (PTAB Sep. 1, 2021) Pending
- *Facebook, Inc. v. Express Mobile, Inc*. IPR of '044, IPR2021-01457 (PTAB Sep. 1, 2021) Pending
- *Adobe, Inc. v. Express Mobile, Inc*. IPR of '044, IPR2021-01225 (PTAB July 6, 2021)
- *Adobe, Inc. v. Express Mobile, Inc*. IPR of '287, IPR2021-01227 (PTAB July 6, 2021) Pending
- *Adobe, Inc. v. Express Mobile, Inc*. IPR of '755, IPR2021-01228 (PTAB July 6, 2021) Pending
- *Atlassian Corp. PLC v. Express Mobile, Inc*. IPR of '755, IPR2021-01471 (PTAB Aug. 31, 2021) Pending

2. Future Litigation:

Plaintiff expects to continue to enforce its intellectual property rights. Such enforcement efforts may include the filing of additional litigation within the next year.

3. Future IPRs:

Defendant Squarespace, Inc. has decided not to file IPRs, and the statutory deadline was September 1, 2021. Squarespace reserves the right to seek joinder with any IPR proceedings that are instituted.

iii The parties, if they think it necessary, should set times in the schedule

for reducing the number of asserted claims and asserted prior art used for anticipationand obviousness combinations. The usual points where the Court will consider such limits are before claim construction and after a ruling on claim construction.

The parties agree to discuss the reduction of asserted claims and asserted prior art usedfor anticipation and obviousness combinations after the issuance of the Court's claim construction order.

iv If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling conference. If Plaintiff requires a Court Order to make such disclosures, it shall file any necessary proposedorders no later than twenty-four hours before the initial Rule 16(b) scheduling conference. Plaintiff shall represent in the scheduling order that it is complying or has complied with this requirement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

Plaintiff is in the process of complying with this requirement and a court order is necessary to produce all prior agreements. The parties are working on and will submit a joint motion ordering the production of prior licenses and/or settlement agreements.

4. Application to Court for Protective Order. The parties agree that it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information counsel will confer and attempt to reach an agreement on aproposed form of order and submit it to the Court within ten days from the date of this Order.

Should counsel be unable to reach an agreement on a proposed form of order, counsel will follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court

> from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motionso that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of anysealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filedunder seal.

7. Claim Construction Issue Identification. On or before **April 15, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **April 29, 2022**, the parties shall exchange a list of their proposed claim constructions of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **May 13, 2022.** The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposedconstruction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) at issue as well asthose portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. Claim Construction Briefing[2] Plaintiff shall serve, but not file, an opening brief, not to exceed 5,000 words, on **June 3, 2022**. Defendants shall serve, but not file, an answering brief, not to exceed 7,500 words, on **June 24, 2022**. Plaintiff shall serve, but not file, a reply brief, not to exceed 5,000 words, on **July 8, 2022**. Defendants shall serve, but not file, a sur-reply brief, not to exceed 2,500 words, on **July 22, 2022**. No later than **July 29, 2022**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, insubstantially the form below.

Further, the parties to this action agree to coordinate with the parties to the related litigation currently pending in this Court, *Express Mobile, Inc. v. HubSpot, Inc.*, 1:20-cv-01162-RGA, to submit one joint claim construction brief across the two cases. The parties in both cases will likewise submit identical joint disclosures and other filings associated with claim construction.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1][3]

1. Plaintiff's Opening Position

2. Defendants' Answering Position

3. Plaintiff's Reply Position

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

4. Defendants' Sur-Reply Position

B. [TERM 2]

1. Plaintiff's Opening Position

2. Defendants' Answering Position

3. Plaintiff's Reply Position

4. Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. Hearing on Claim Construction. Beginning at 9:00 **a.m. on August 29, 2022**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, mustbe done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the partiesare requesting that the Court should allow for the argument.

10. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **December 1, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **January 13, 2023.** Reply expert reports from the party with the initial burden of proof are due on or before **February 13, 2023**. No other expert reports will be permitted

without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure orexceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot be reasonably resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **March 15, 2023**. Expert depositions are limited to a maximum of seven (7) hours per expert. As an exception to this rule, each side is limited to a total of fourteen (14) hours ofdeposition testimony of each technical expert testifying on both validity (or invalidity) andinfringement (or non-infringement) issues. The number of deposition hours and length of depositions may be modified by agreement of the parties or further order of the Court.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made bymotion no later than the deadline for dispositive motions set forth herein, unless otherwiseordered by the Court.

11. Case Dispositive Motions. All case dispositive motions shall be served and filed on or before **May 15, 2023**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all its *Daubert* and case dispositive motions.

12. Applications by Motion. Except as otherwise specified herein, any application to the

Court shall be by written motion. Any non-dispositive motion should contain the statementrequired by Local Rule 7.1.1.

13. Pretrial Conference. On **September 15, 2023, at 9:00 a.m.,** the Court will hold a Rule 16(e) final pretrial conference with counsel**.** The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. Motions *in Limine*. Motions *in limine* shall not be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages ofargument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. The parties

shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

16. Trial. The trial is scheduled for a five (5) day[4] jury trial beginning at **9:30 a.m.** on **October 2, 2023,** with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution. This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports. (The second referral is optional, and should be deleted unless all parties agree to it.)

18. Service by E-Mail. The parties consent to service by e-mail, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by e-mail shall be made on both Delaware and Lead counsel for that party.

Dated: 10/25/2021

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

[4] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

# APPENDIX

## Summary of Dates in Scheduling Order

| Event | Proposed Dates |
|---|---|
| Plaintiff Shall Identify Accused Products and Produce File Histories For Asserted Patents | November 26, 2021 |
| Serve Rule 26(a) Initial Disclosures | November 12, 2021 |
| File Proposed Protective Order | 10 days after entry of Scheduling order |
| Serve ESI Default Standard Paragraph 3 Disclosures | December 3, 2021 |
| Defendants Shall Produce Core Technical Documents | January 21, 2022 |
| Plaintiff Shall Produce Infringement Claim Chart | February 25, 2022 |
| Defendants Shall Produce Invalidity Contentions | April 1, 2022 |
| Parties Exchange List Of Claim Terms | April 15, 2022 |
| Proposed Constructions | April 29, 2022 |
| File Joint Claim Construction Chart | May 13, 2022 |
| Document Production Shall Be Substantially Complete | August 31, 2022 |
| Serve Plaintiff's Opening Claim Construction Brief | June 3, 2022 |
| Serve Defendants' Answering Claim Construction Brief | June 24, 2022 |
| Serve Plaintiff's Reply Claim Construction Brief | July 8, 2022 |
| Serve Defendants' Sur-reply Claim Construction Brief | July 22, 2022 |
| File Joint Claim Construction Brief | July 29, 2022 |
| Claim Construction Hearing | August 2022 |
| Deadline To Join Parties Or Amend The Pleadings | May 9, 2022 |
| Fact Discovery Cut Off | November 18, 2022 |
| Initial Expert Reports | December 1, 2022 |
| Rebuttal Expert Reports | January 13, 2023 |
| Reply Expert Reports | February 13, 2023 |
| Complete Expert Depositions | March 15, 2023 |
| Case Dispositive Motions Including *Daubert* Motions | April 14, 2023 |
| Answering Briefs to Case Dispositive and Daubert Motions | May 15, 2023 |
| Reply Briefs to Case Dispositive and | June 8, 2023 |

| | |
|---|---|
| *Daubert* Motions | |
| Scheduling Conference to Discuss Ordering of Trials for HubSpot and Squarespace | July 10, 2023 |
| Pretrial Conference | September 2023 |
| Trial | Early October 2023 |